# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| DONALD P. ROGERS,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER DALY, RANDY HOOD, CITY OF MISSOULA and the COUNTY OF MISSOULA,<br><br>Defendants. | Cause No. CV 13-00164-M-DWM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending are Plaintiff Donald Rogers' Motion for Leave to Proceed in Forma Pauperis, proposed Complaint, Motion to Appoint Counsel, Motion to Preclude Defendants from Official Immunity, and Petition Requesting Stay of Civil Rights Complaint. (Dkt. #s 1, 2, 3, 4, 6). Rogers, appearing pro se, brings this action under 42 U.S.C. § 1983 alleging his Federal Constitutional rights were violated during the course of a criminal proceeding prosecuted against him by the State of Montana. Invoking the Court's supplemental jurisdiction under 28 U.S.C. § 1367, he also advances claims under the Montana Constitution. Because Rogers has failed to state a claim against any of the Defendants, his claims should be dismissed.

1

I. **Motion to Proceed in Forma Pauperis**

Rogers submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Rogers' account statement shows he has insufficient funds to pay an initial partial filing fee and therefore that fee will be waived. But Rogers must still make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Rogers to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. **Background**

In April of 2011, Rogers was charged with sexual assault, partner family member assault and unlawful restraint. Rogers was ultimately convicted of eight criminal counts including sexual intercourse without consent, partner or family member assault, unlawful restraint, and violation of a no contact order. On February 29, 2012, he was sentenced to forty years at the Montana State Prison with twenty years suspended. Rogers appealed his conviction to the Montana Supreme Court. On August 13, 2013, the day after this action was filed, the

Montana Supreme Court reversed and remanded Rogers' conviction for a new trial on all charges, finding that the State's introduction of Rogers' criminal history, including convictions overturned by an appellate court for legal error, violated Rogers' right to a fair trial. *State v. Rogers*, 2013 MT 221 (August 13, 2013).

Defendant Christopher Daly was the public defender appointed to represent Rogers in the referenced criminal proceeding. At the time, Daly was supervised by Defendant Randy Hood. Rogers alleges Daly, under Hood's supervision, failed to adequately and appropriately represent him in his criminal case in violation of his Federal and State Constitutional rights. Rogers contends the Defendant City of Missoula and Missoula County are directly liable and responsible for the actions of Daly and Hood because they repeatedly and knowingly failed to enforce the rights secured criminal defendants by the United States and Montana Constitutions.

## III. Prescreening

### A. Standard

Rogers is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915. Section 1915(e)(2)(B) allows for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United*

*States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Analysis**

The Ninth Circuit has held that by virtue of the Supreme Court's decision in *Polk County v. Dodson,* 454 U.S. 312 (1981), public defenders are not state actors within the meaning of § 1983 when performing traditional lawyer duties. *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003)(en banc). The function of public defenders is to represent their clients, "not the interests of the state or county." *Miranda*, 319 F.3d at 468. Even if Rogers could prove ineffective assistance of counsel, he cannot state a § 1983 claim for damages against his criminal defense lawyers because there would be no state action. While *Miranda* did allow a § 1983 suit against the head of a county public defender's office for administrative decisions, Rogers' claims against Randy Hood stem from traditional lawyer duties, that is, her supervision of Mr. Daly. The claims against Daly and Hood will be recommended for dismissal.

Rogers' only claims against the City of Missoula and Missoula County are that they are directly liable and responsible for the actions of Daly and Hood. But they are not. The Office of the State Public Defender is a state entity, not a city or county entity.

Even if Rogers' allegations are directed to the State of Montana, they fail to

5

state claims upon which relief could be granted. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974). Thus, absent waiver by a state of its Eleventh Amendment immunity, an award of section 1983 damages against a state, state agency, or state official sued in an official capacity is barred by the Eleventh Amendment. *Id*. 415 U.S. at 663. The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq.

One exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997) cert. denied, 118 S.Ct. 2340 (1998). To the extent Rogers' claims against Defendants Daly and Hood can be construed as claims against them in their official capacity and to the extent he seeks declaratory and injunctive relief, the Court must abstain from proceeding in

this action under *Younger v. Harris*, 401 U.S. 37 (1971).

The *Younger* abstention doctrine generally prohibits federal courts from granting relief that interferes with pending state criminal proceedings. The doctrine is based on the strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998)(noting that the district and appellate courts can raise the issue sua sponte).

A federal court must abstain under *Younger* if four requirements are met: (1) a state initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc); *AmerisourceBergen Corp. v. Roden* ("ABC"), 495 F.3d 1143, 1149 (9th Cir. 2007).

All the elements of *Younger* abstention are established in this case. First, the underlying criminal proceeding against Rogers is ongoing – the Montana Supreme Court having remanded the matter on August 13, 2013 for retrial. Secondly, these proceedings revolve around important state interests to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing. Third, Rogers has an adequate opportunity in the state district court to raise federal questions and concerns that affect his constitutional rights. Rogers has opportunities under Montana law, and the laws and rules of criminal procedure

set forth in Title 46, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address the alleged violations of his constitutional rights relative to his prosecution. Fourth, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves. Because any decisions in this action regarding whether or not Rogers was falsely arrested or maliciously prosecuted in violation of his rights under the United States Constitution would directly interfere with the state criminal proceeding, *Younger* mandates that this Court abstain from adjudicating Rogers' claims. Accordingly, all claims for injunctive relief regarding Rogers' pending criminal case will be recommended for dismissal without prejudice.

## IV. <u>Conclusion</u>

Rogers cannot state a federal claim for relief against his criminal defense attorneys. Thus, the claims against Defendants Hood and Daly should be dismissed. Rogers' allegations against the City of Missoula and Missoula County fail as a matter of law and should also be dismissed. Lastly, the Court must abstain from exercising jurisdiction over Rogers' claims for injunctive and declaratory relief advanced against all Defendants and those claims should be dismissed without prejudice.

In light of these recommendations, Rogers' Motion for Appointment of

Counsel and/or Attorney Fees (Dkt. 3), Motion to Preclude Defendants from Official Immunity (Dkt. 4), and Motion to Stay (Dkt. 6) will be denied.

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v.*

*Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Rogers' claims are frivolous and no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Rogers shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Rogers' Motion to Proceed in Forma Pauperis (Dkt. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Dkt. 2) to remove the word "LODGED" and the Complaint is deemed filed on August 12, 2013.

3. Rogers' Motion for Appointment of Counsel and/or Attorney Fees (Dkt. 3) is denied.

4. Rogers' Motion to Preclude Defendants from Official Immunity (Dkt. 4) is denied.

6. Rogers' Petition Requesting Stay of Civil Rights Complaint under the Civil Rights Act 42 U.S.C. § 1983 (Dkt. 6) is denied.

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain this action lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Rogers may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Rogers files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Rogers from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 3rd day of September, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge