IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| DONALD P. ROGERS,<br><br>        Plaintiff,<br><br>vs.<br><br>CHRISTOPHER DALY, RANDY HOOD, CITY OF MISSOULA, and the COUNTY OF MISSOULA,<br><br>        Defendants. | CV 13–164–M–DWM<br><br>ORDER |

Plaintiff Donald P. Rogers brings this action pursuant to 42 U.S.C. § 1983. In his Complaint, Mr. Rogers contends Public Defenders Christopher Daly and [Randi] Hood are civilly liable for alleged shortcomings in their defense of Rogers in a state criminal proceeding. Mr. Rogers further claims the City of Missoula and the County of Missoula are liable for generally failing to enforce criminal defendants' federal and state constitutional rights as they pertain to the obligations of public defenders. Mr. Rogers interprets his public defenders' alleged shortcomings as violations of his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as well as his rights under the Constitution of the State of Montana.

-1-

As Mr. Rogers is a prisoner proceeding *in forma pauperis*, the matter was referred to Magistrate Judge Lynch for screening pursuant to 28 U.S.C. §§ 1915, 1915A. Judge Lynch issued Findings and Recommendations on Mr. Rogers' Complaint on September 3, 2013. Judge Lynch recommends Mr. Rogers' Complaint be dismissed with prejudice. Mr. Rogers timely filed Objections on September 11, 2013.

After reviewing Judge Lynch's Findings and Recommendations and Mr. Rogers' Objections, I agree with Judge Lynch's analysis and conclusions. Judge Lynch's Findings and Recommendations are adopted in full.

## I. Background

Mr. Rogers was charged in state court in Missoula County with sexual intercourse without consent, partner or family member assault, unlawful restraint, and four counts of violating a no-contact order. A jury found Mr. Rogers guilty on all charges and the state district court sentenced him to forty years at the Montana State Prison with twenty years suspended. Mr. Rogers appealed his conviction to the Montana Supreme Court. On August 13, 2013, the day after Rogers filed this action, the Montana Supreme Court reversed Rogers' conviction and remanded the case for a new trial on all charges.

Mr. Rogers' Complaint names as defendants Christopher Daly and Randi

Hood, his public defenders in the state criminal proceedings against him. Mr. Rogers alleges Defendants Daly and Hood violated his constitutional rights by, among other things, failing to conduct various investigations, failing to request and inspect certain discovery materials, failing to maintain attorney-client confidentiality, failing to adequately communicate with Rogers, and offering to waive his right to appeal without his consent. Mr. Rogers also names as defendants the City and County of Missoula. Mr. Rogers alleges, effectively, that the City and County of Missoula violated his constitutional rights by failing to adequately enforce public defenders' constitutional duties to their clients. Mr. Rogers seeks compensatory damages of $1,500,000 and punitive damages of $1,500 per day for each day he has been incarcerated. Mr. Rogers further requests declaratory and injunctive relief.

## II. Standards

As a prisoner proceeding *pro se* and *in forma pauperis*, Mr. Rogers' Complaint is subject to screening under 28 U.S.C. §§ 1915 & 1915A. The screening process requires the Court to dismiss the case if the Complaint is frivolous or malicious, the Complaint fails to state a claim upon which relief may be granted, or the Complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted, in accordance with Rule 12(b)(6), if it fails to satisfy the requirements of Rule 8(a)(2). Rule 8(a)(2) simply requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted this phrase in conjunction with Rule 12(b)(6) to mean that Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

However, the Supreme Court has relaxed pleading standards for *pro se* plaintiffs. "A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted) (citing cf. Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice")).

With these standards in mind, the Court reviewed Judge Lynch's Findings and Recommendation, and found no error. However, Mr. Rogers timely objected to Judge Lynch's Findings and Recommendations. When a party objects to any

-4-

portion of Findings and Recommendations issued by a Magistrate Judge, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981). Each of Mr. Rogers' Objections is addressed individually below. The Court notes, however, that collectively they appear to speak to Judge Lynch's report in its entirety. For that reason, Judge Lynch's Findings and Recommendations are reviewed *de novo* in their entirety and determined as follows.

Defendants Daly and Hood, when performing their duties as attorneys employed by the Montana Office of the State Public Defender, are not state actors within the ambit of an action brought under 42 U.S.C. § 1983. *See Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (citing *Polk County v. Dodson,* 454 U.S. 312, 318–319 (1981)). The City of Missoula and the County of Missoula have no supervisory control over public defenders, and therefore have no obligation to ensure public defenders protect their clients' constitutional rights. The Office of the State Public Defender is the entity that has supervisory control over public defenders. It is a state entity, however, not an entity of either the City or the County of Missoula. Hence, neither the City nor the County of Missoula has any control over public defenders and accordingly has no duty to enforce

constitutional standards relevant to the conduct of public defenders. Even if Mr. Rogers named the Office of the State Public Defender, or the State of Montana, his claims would be barred by the Eleventh Amendment. Under the Eleventh Amendment, states are immune from suit unless they wave their immunity. *See Edelman v. Jordan*, 415 U.S. 651, 664 (1974). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 *et seq*. In addition to lacking a proper defendant, Mr. Roger's Complaint challenges ongoing state criminal proceedings and is accordingly barred. *Younger v. Harris*, 401 U.S. 37, 45 (1971).

Mr. Rogers individual Objections to Judge Lynch's Findings and Recommendation largely reiterate the allegations made in his Complaint and advance several inapposite legal arguments. They are addressed in turn:

Objection (A) reiterates the allegations in Mr. Rogers' Complaint that his public defenders, the City of Missoula, and the County of Missoula violated his constitutional rights as a criminal defendant. This objection doesn't articulate any argument there was an error in any portion of Judge Lynch's Findings and Recommendations.

Objection (B) summarizes Justice Blackmun's dissent in *Polk County v. Dodson*, 454 U.S. 312, 328-338 (Blackmun, J. dissenting). As persuasive as

Justice Blackmun's dissent might be, this Court cannot hold contrary to the binding U.S. Supreme Court precedent announced in *Polk County* on the basis of that dissent.

Objection (C) explains actions taken by Mr. Rogers while his state criminal case was pending to try to rectify the alleged errors made by his public defenders. This objection apparently responds to Judge Lynch's note that, because Mr. Rogers' criminal case has been remanded for a new trial, he will have the opportunity in the state district court to raise concerns about his constitutional rights as a criminal defendant. Mr. Rogers' contention appears to be that he tried to do that in his first trial in state district court without success. These allegations, however, are insufficient to overcome the *Younger* abstention doctrine. Adjudicating Mr. Rogers' constitutional claims would "have the practical effect of enjoining" that proceeding through the application of preclusion rules. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir.2007); *see Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir.2004) (en banc).

Objections (D) and (E) cite several cases to support the argument that § 1983 suits should be allowed against public defenders. As previously noted, regardless of the persuasive value of those cases, this Court cannot hold contrary to binding U.S. Supreme Court precedent. Mr. Rogers also notes the state has

substantial influence over the quality of representation indigent defendants receive. As explained above, the state is not a defendant in this case, nor could it be a defendant, and public defenders do not act under color of state law when performing traditional lawyer duties.

Objection (F) reiterates allegations in Mr. Rogers' Complaint. This objection does not articulate any argument there was an error in any portion of Judge Lynch's Findings and Recommendations.

Objection (G) reiterates Mr. Rogers' request for compensatory damages, and for declaratory and injunctive relief. This objection does not articulate any argument there was an error in any portion of Judge Lynch's Findings and Recommendations.

Objection (H) alleges Mr. Rogers' constitutional rights were previously violated by public defenders. This objection is not responsive to any portion of Judge Lynch's Findings and Recommendations.

Objection (I) alleges that the City of Missoula and the County of Missoula are directly responsible for the actions of public defenders as they are the entity that appoints public defenders. This allegation is inaccurate. The State Office of the Public Defender appoints and assigns public defenders, not the City or County

of Missoula. The State Office of the Public Defender is a state entity not subject to control by either the City or the County of Missoula.

In concluding his Objections, Mr. Rogers requests that the Court reconsider denial of his motion requesting a stay of proceedings in this case pending the outcome of his criminal case. Under no circumstances would stay of this case render Mr. Rogers' claims cognizable. The Court declines to reconsider Judge Lynch's denial of his motion to stay proceedings.

Having reviewed *de novo* the portions of Judge Lynch's Findings and Recommendations to which Mr. Rogers' objects, the Court finds no error.

In addition to his Objections to Judge Lynch's Findings and Recommendations, also pending is Plaintiff's Motion for Access to the Missoula County Detention Facility Law Library. (Doc. 14.) Mr. Rogers seeks access to the law library, law books, supplies, blank paper, ink pen, copies, and other materials. Upon adoption of Judge Lynch's Findings and Recommendations, Mr. Rogers' Motion is moot. All relief having been denied in this action, no just cause remains to justify Mr. Rogers' use of the law library.

IT IS ORDERED that Judge Lynch's Findings and Recommendations, (Doc. 9), are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Mr. Rogers' Complaint, is DISMISSED WITH PREJUDICE. The Clerk of Court shall close this case and enter judgment in favor of Defendants by a separate document, pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the docket shall reflect the Court's certification pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record is plain that Mr. Rogers' Complaint lacks arguable substance in law or fact.

DATED this 16 day of October, 2013.

*signature*

Donald W. Molloy, District Judge
United States District Court